## OHAMA v. UNITED STATES.
### No. 8299.

Circuit Court of Appeals, Ninth Circuit.
Feb. 8, 1937.

E. J. Botts, of Honolulu, T. H., for appellant.

Ingram M. Stainback, U. S. Atty., and J. Frank McLaughlin, Asst. U. S. Atty., both of Honolulu, T. H., and H. H. McPike, U. S. Atty., of San Francisco, Cal., for the United States.

Before WILBUR and GARRECHT, Circuit Judges, and NETERER, District Judge.

WILBUR, Circuit Judge.

The appellant, Susumu Ohama, applied for admission to the United States at Honolulu claiming to be a citizen of the United States. The immigration authorities rejected his claim, denied him admission to the United States, and directed that he be returned to Japan. While detained for that purpose, he applied to the District Court of the United States in the Territory of Hawaii for writ of habeas corpus claiming that the hearing by Special Board of Inquiry was unfair. The prayer of his petition was denied and he was remanded to the custody of the immigration authorities for deportation. From this denial, he takes this appeal.

The appellant testified that he was born in Honolulu on July 17, 1909; that he de-

parted with his parents in 1910 for Japan and remained there until he returned in September, 1930, when he was admitted as a native born citizen of the United States. In 1934 he returned to Japan. Before his return, he applied to the immigration authorities, on January 11, 1934, for his certificate of citizenship. This application was denied, but nevertheless the appellant left for Japan. He returned September 11, 1935, and applied for admission. After hearing, the immigration authorities concluded that notwithstanding the previous admission of the applicant to the United States he was not the child named Susumu Ohama who was born July 17, 1909.

The evidence in favor of the applicant was unusually complete. Several witnesses, including the midwife who assisted at the birth of Susumu Ohama, testified to the fact of the birth, the parentage of the child, the departure of the child with its parents, for Japan, and identified the applicant as the child they had known when a baby less than a year old. The only flaw in this testimony is the difficulty of identifying a young man of twenty-one as the same individual they had known when he was less than a year old. The applicant produced a photograph of a baby less than a year old which had been taken in Honolulu and identified it as his picture. A similar picture with a different dress is attached to the birth certificate of Susumu Ohama which had been offered in evidence at the time the appellant entered in 1930. The witness introduced by the government testified that these two pictures were the same child. The appellant so testified and testified that he was that child. A witness for the government claiming to have expert knowledge with reference to the identification of individuals by reason of a long police experience testified that neither of these pictures was a photograph of the appellant when he was a child. He bases his testimony entirely upon the appearance of the ear of the child photographed as compared with that of the appellant. He pointed out the difference and testified that although the size of a person's ear changes, its characteristics remain the same from birth until death unless injured. He testified:

"I mean by that the ridge or contour will remain the same. If a lobe is gulfed, attached, or descending, it will be that way until death, the same as finger prints. The finger prints of a person are the same from birth until death unless they are damaged."

Appellant, on appeal, notwithstanding his testimony at the hearing that the picture taken in Honolulu was his picture now claims that this picture was obviously the picture of a girl, that the dress so indicates, and that his error in presenting this picture as his own likeness was because it had been given to him by an aunt while in Japan. Of course, it is obvious that the appellant could not know that this picture of a child only a year old was his own picture except by family tradition and it might be quite true that he presented the picture honestly believing that it was his own, whereas in fact it was the picture of some other person, his sister, for instance. But this explanation does not meet the situation, for the birth certificate procured by Tsurumatsu Ohama, the father, and by Yao Ohama, the mother, of Susumu Ohama, identifies Susumu Ohama by the attached photograph which, as has been stated, is the same child whose photograph was produced by the appellant as his own. The birth certificate is that of a boy and not of a girl.

The question for our consideration is whether or not the hearing before the immigration authorities was unfair and a denial of due process because the immigration authorities accepted and acted upon the testimony of an expert witness to the effect that the baby photographs presented by the appellant were not photographs of the appellant, but of another child, and consequently, concluding that the appellant was masquerading under the name of a native born Hawaiian, Susumu Ohama. We cannot see that the rejection of the appellant's testimony, whose weight depended upon the ability of witnesses to identify an adult as the same person they had seen twenty years ago as a baby less than a year old, is not justified when testimony was introduced showing that the photographs of this baby were not photographs of the applicant.

Order affirmed.